**Donald L. PALMER, Plaintiff-Respondent,**

**v.**

**Janice PALMER, Defendant-Appellant.**

**No. 33888.**

St. Louis Court of Appeals,
Missouri.

June 15, 1971.

Gerald Cohen, St. Louis, for defendant-
appellant.

Thomas, Busse, Cullen, Clooney, Weil &
King, David P. McDonald, St. Louis, for
plaintiff-respondent.

LYON ANDERSON, Special Commis-
sioner.

This is an appeal from a judgment in a
divorce action rendered by Division 15 of
the Circuit Court of the City of St. Louis.
The action was brought by Donald L. Pal-
mer, as plaintiff, against his wife, Janice
Palmer. The petition alleged general in-
dignities as grounds for divorce. It was
also alleged that a child, Robin, was born
of the marriage on October 28, 1966. The
prayer of the petition was that plaintiff be
granted a divorce and custody of the child.

Defendant filed a cross-bill alleging gen-
eral indignities. The prayer of the cross-

bill was for a divorce and custody of the minor child. There was also a prayer for attorney's fees, alimony and costs.

The case was tried on March 5, 1970, and on said date the court awarded plaintiff a divorce, but in its decree held that the court did not have jurisdiction to make an award of custody. This ruling was based on evidence that the child was then in California and testimony that defendant was not domiciled in this state.

Defendant filed a motion for new trial which alleged that the court erred in ruling it did not have jurisdiction to award custody of the minor child of the parties and in refusing to rule on the issue of custody. In support of said assignment it was alleged that plaintiff was a resident of the City of St. Louis and had lived in said city for the last eight years, and that defendant had entered a general appearance by participation in the trial thus submitting to the general jurisdiction of the court. The alleged error thus preserved in the motion for new trial is the only point relied on in the instant appeal.

The parties were married January 22, 1966 and separated November 1, 1967. The child Robin was born October 28, 1966. Plaintiff testified he had been a resident of Missouri for one whole year next prior to filing the petition in this case and was living at 1433 Dodier Street in St. Louis when he filed the suit. He further testified he had been a resident of the State of Missouri since 1962.

When the parties separated defendant went to Watertown, South Dakota, taking Robin with her. While there they lived with Mr. and Mrs. Shults. Defendant was not employed. Her husband had been a member of the armed services and defendant had been receiving an allotment check from the government on account of said service. These payments were discontinued in 1968 when plaintiff went AWOL. About a month after this occurred defendant sent Robin to the home of plaintiff's parents who lived in Fountain Valley, California. A friend of defendant took Robin by plane to San Diego where she delivered the child to the grandparents on August 15, 1968. Defendant being unemployed at the time and receiving no support from her husband was therefore unable to care for the child. Her understanding with the grandparents was that they would take care of Robin until she could secure employment and get settled. She thereafter settled in Illinois and got a job, but when she requested that the child be returned the grandparents advised her they would not return the child to her until after a final disposition of the divorce action.

The only point on this appeal is whether the trial court had jurisdiction to make an award of custody of the minor child of the parties. It clearly appears from the record before this court that both parties were before the court. The action was brought by plaintiff, a resident of the City of St. Louis. The defendant filed a cross-bill and participated in the trial of issues presented by the pleadings. The defendant did not at any time question the jurisdiction of the trial court to make an award of custody of the absent minor child. Under such a showing it is our opinion that the court erred in refusing to rule the issue of custody. State ex rel. Shoemaker v. Hall, Mo., 257 S.W. 1047; Laumeier v. Laumeier, 308 Mo. 201, 271 S.W. 481. In the Laumeier case the court held it had power to adjudicate the issue of custody where the parties were before the court notwithstanding the fact that the child whose custody was sought was elsewhere and without the jurisdiction. We are bound to follow said decision.

The judgment is therefore modified by eliminating therefrom the holding that the court is without jurisdiction to award custody of Robin Palmer, the minor child of the parties. The cause is remanded for trial of that issue, and a determination of the rights and obligations, if any, of the parties under the court's finding and order with respect to the issue of custody.

PER CURIAM:

The foregoing opinion by LYON ANDERSON, Special Commissioner, is adopted as the opinion of this court. Therefore, the cause is remanded for trial of the issue of custody of the minor child.

BRADY, P. J., and DOWD, J., concur.

WOLFE, J., not participating.